UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARREL THORN** | * | CIVIL ACTION NO: _____ |
| | * | |
| **VERSUS** | * | |
| | * | |
| **RACETRAC PETROLEUM, INC.** | * | |

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Defendant, RaceTrac Petroleum, Inc. ("Defendant" or "RaceTrac"), which, pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully files this Notice of Removal on the following grounds:

1.

On or about July 2, 2020, plaintiff, Darrel Thorn, filed this action in the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana, under the caption *DARREL THORN v. RACETRAC PETROLIUM*, Docket Number 2020-0001724, Division "C." A copy of the original petition in Defendant's possession is attached hereto as **Exhibit A**.

2.

RaceTrac was served through its agent for service of process on or about September 1, 2020. Therefore, this Notice of Removal is timely as it is being filed within thirty (30) days after the receipt, through service or otherwise, of a copy of the pleading from which it was first ascertained that the case is one that is removable to federal court.

3.

Furthermore, this suit is being removed less than one (1) year after the commencement of this action in state court.

1

4.

Pursuant to 28 U.S.C. §1441(a), removal venue is appropriate, as the United States District Court for the Eastern District of Louisiana is the district within which the above described state court action is pending.

5.

This Court has jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, because the real parties in interest are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars and 0/100 ($75,000.00), exclusive of costs and interest.

## CITIZENS OF DIFFERENT STATES

6.

Plaintiff, Darrel Thorn, is a citizen of and domiciled in Louisiana.

7.

Defendant, RaceTrac Petroleum, Inc., is a Georgia corporation with its principal place of business being Georgia.

8.

Based on the foregoing, Plaintiff is a citizen of Louisiana, and Defendant is a citizen of Georgia. Thus, there is complete diversity of citizenship between the parties.

## AMOUNT IN CONTROVERSY

9.

Plaintiff's Petition for Damages does not state a demand for a specific amount of damages, but alleges that he incurred substantial personal injuries and other damages.

10.

In cases where a plaintiff has not specified an amount in controversy in a petition, the removing defendant need only demonstrate by a preponderance of the evidence that the

minimum sum necessary to confer federal diversity jurisdiction is at issue in the case. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). A defendant may make this showing "by demonstrating that it is facially apparent that the claims are likely above $75,000." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). This Court should not decline jurisdiction unless it appears "to a 'legal certainty' that the claim is really for less than the jurisdictional amount." *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

11.

In *Allen*, the Fifth Circuit held that where, as here, the plaintiff's petition fails to specify the amount in controversy, the court may conclude that removal is proper if it is facially apparent that the claims are likely above the $75,000 threshold for diversity jurisdiction. *Allen*, 63 F.3d at 1335. On the other hand, if it is not facially apparent that the claims are likely above $75,000, the removing attorney may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. *Id*.

12.

In this case, it is apparent that the amount in controversy is at least $75,000. Plaintiff alleges on Page 2 of his Petition that had a stroke and sustained other injuries to his neck, shoulders, back, hip, knee, and foot as a result of an accident at a RaceTrac store. In the paragraph entitled "Conclusion," Plaintiff itemizes his alleged, though disputed, general and special damages associated with the injuries he sustained due to the alleged fault of RaceTrac as follows:

    1)     Damages;
    2)     Medical expenses
    3)     Physical and mental pain and suffering;

  4)  Mental anguish;

  5)  Loss of enjoyment of life;

  6)  Disabling injuries;

  7)  Physical impairment; and

  8)  Interest and court costs.

13.

Furthermore, on August 11, 2020, Plaintiff filed a "Motion for Entry of a Default Judgment" wherein Plaintiff moves for entry of default judgment for the amount of one million dollars ($1,000,000.00). A copy of the motion is attached to this Notice of Removal as **Exhibit B**.

14.

As a result of the foregoing allegations in Plaintiff's pleadings of serious injuries to multiple parts of his body, which are denied but accepted as true purely for the purposes of this removal, as well as his request for one million dollars ($1,000,000.00) in his Motion for Entry of Default Judgment, RaceTrac avers that the amount in controversy in the above entitled action, exclusive of interest and costs, clearly exceeds the jurisdictional amount of seventy-five thousand dollars and 0/100 ($75,000.00) set forth in 28 U.S.C. §1332 and incorporated in 28 U.S.C. §1441(a), which allows removal of a state court action to federal court.

15.

Defendant avers that the face of Plaintiff's pleadings satisfy the amount in controversy element to allow for removal of this matter. In support of the amount in controversy element being met, RaceTrac avers that courts have routinely awarded more than $75,000 in general damages to plaintiffs who suffered from traumatic brain injuries such as a stroke. See, e.g. *Denton v. Vidrine*, 2006-0141 (La. App. 1 Cir. 12/28/06), 951 So.2d 274, *writ denied*, 2007-0172 (La. 5/18/07), 957 So.2d 152 ($965,000 in general damages awarded in damages to plaintiff who suffered from a stroke after a highway traffic accident that resulted in plaintiff's suffering a

stroke); *LeBlanc v. Baxter*, 05-33 (La. App. 5 Cir. 05/31/05), 905 So.2d 415 (affirming general damage award of $215,000 where the plaintiff's injuries included, among other things, a concussion); and *Holden v. East Baton Rouge Medical Center*, 624-471 (19th JDC 03/07/18) ($175,000 in general damages awarded to plaintiff who suffered from a concussion as a result of a fall).[1] In light of these reported cases and Plaintiff's claims that he suffered a stroke as well as other injuries to his neck, shoulders, back, hip, knee, and foot, RaceTrac avers that the amount in controversy in the above entitled action, exclusive of interest and costs, clearly exceeds the jurisdictional amount of seventy-five thousand dollars and 0/100 ($75,000.00) set forth in 28 U.S.C. §1332 and incorporated in 28 U.S.C. §1441(a), which allows removal of a state court action to federal court.

16.

Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, orders, and other filings in the state court record and/or served upon, or otherwise provided to, Defendant prior to the filing of this removal are attached as **Exhibit C**.

17.

Contemporaneous with the filing of this Notice of Removal, Defendant has given the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana, written notice of removal, a copy of which is attached hereto as **Exhibit D**.

18.

In addition, contemporaneous with the filing of this Notice of Removal, Defendant has provided all adverse parties, including Plaintiff, written notice of removal, a copy of which is attached hereto as **Exhibit E**.

---

[1] Undersigned counsel for RaceTrac has no information with which to survey cases for similar quantum awards other than the allegations in Plaintiff's Petition for Damages. RaceTrac denies that Plaintiff suffered any damages whatsoever; but avers that these verdicts, which do not even taken into account special damages awarded to those plaintiffs (*i.e.* medical expenses, wage loss, earning capacity, etc.), clearly support removal.

19.

Defendant reserves the right to supplement this Notice of Removal.

**WHEREFORE**, Defendant, RaceTrac Petroleum, Inc., prays that this Notice of Removal be accepted by this Honorable Court as good and sufficient and that the above-described civil action be removed from the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana, to this Court for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it all copies of all records and proceedings presently pending in the aforementioned state court and thereupon proceed with the civil action as if originally commenced in this Court; and for all necessary and appropriate orders and decrees in accordance with applicable law.

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P

By *s/ Caroline K. Darwin*
Tom S. Easterly, La. Bar No. 30488 (T.A.)
Caroline K. Darwin, La. Bar No. 37651
P.O. Box 2471
Baton Rouge, LA 70801/70821
Phone: (225) 387-3221
Fax: (225) 346-8049
Email: tom.easterly@taylorporter.com
Email: caroline.darwin@taylorporter.com

***Attorneys for RaceTrac Petroleum, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2020, a true and correct copy of the foregoing document was served on Plaintiff, Darrel Thorn, by depositing a copy in the United States mail and/or by e-mail transmittal.

*s/ Caroline K. Darwin*