UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARREL THORN                                          CIVIL ACTION

VERSUS                                                NO. 20-2509

RACETRAC PETROLEUM, INC.                              SECTION M (5)

**ORDER & REASONS**

Before the Court is the motion of *pro se* plaintiff Darrel Thorn to remand.[1] Defendant RaceTrac Petroleum, Inc. ("RaceTrac") opposes the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion to remand.

This case arises from a slip-and-fall accident in a RaceTrac store and is brought under the Louisiana Premises Liability Statute.[3] Thorn argues that removal to federal court places an undue burden on him because he lives 60 miles from New Orleans and has no means of transportation to get to this courthouse.[4] He argues further that there is no diversity of citizenship as the RaceTrac store is located in Louisiana, so is a citizen of Louisiana, and he, too, is a citizen of Louisiana.[5] Thorn states that he cannot be held to the same standard as an attorney since he is representing himself *pro se*.[6] In opposition, RaceTrac argues that removal based on diversity jurisdiction under 28 U.S.C. § 1332 is proper in this case.[7] It asserts that diversity of citizenship is complete because RaceTrac is a Georgia citizen and that it has met its burden to

---

[1] R. Doc. 13.
[2] R. Doc. 14.
[3] R. Doc. 1-1 at 1.
[4] R. Doc. 13-1 at 1.
[5] R. Doc. 13-2 at 2.
[6] *Id.* at 1.
[7] R. Doc. 14 at 2.

show that the amount in controversy exceeds $75,000.00.[8]

Although the Court construes *pro se* filings liberally, *pro se* parties are still required to "'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013)). "*[P]ro se* litigants are not exempt from compliance with relevant rules of procedure and substantive law." *Bowling v. Roach*, 816 F. App'x 901, 903 (5th Cir. 2020) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Id.*

The diversity statute is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Diversity, as prescribed by § 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks and citation omitted). Where "jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'" *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted; emphasis in original). The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke the court's diversity jurisdiction." *Id*. A corporation

---

[8] *Id.* at 2-3.

is deemed to be a citizen of the state in which it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

In its notice of removal, RaceTrac alleges that it is a Georgia corporation with its principal place of business in Georgia.[9]  Since Thorn is a Louisiana citizen and RaceTrac is a Georgia citizen, there is complete diversity between the parties.  In his complaint, Thorn requested damages for medical expenses, physical and mental pain and suffering, mental anguish, loss of enjoyment of life, disabling injuries, and physical impairment.[10]  He alleges he had a stroke[11] and, in a motion for entry of default judgment, requested one million dollars as compensation for his injuries.[12]  This is sufficient evidence that the amount in controversy likely exceeds $75,000.  While the Court is sympathetic with Mr. Thorn's difficulties in getting to this courthouse, the law clearly affords RaceTrac the right to remove this case to federal court because it meets both requirements for diversity jurisdiction.  Thorn cites no case holding that difficulties of the kind he identifies can deprive a defendant of its right to removal, and the court is aware of none.

Thorn also asks for leave to amend his complaint, although his reasons for doing so are unclear.[13]  If he desires this relief, he must file the proper motion in accordance with this Court's Local Rule 7.6.  Additionally, Thorn's request for a jury trial must be filed in compliance with Local Rule 38.1.[14]

---

[9] R. Doc. 1 at 2.
[10] R. Doc. 1-1 at 3-4.
[11] *Id.* at 2.
[12] *Id.* at 6.
[13] R. Doc. 13-1 at 1.
[14] *Id.*

Accordingly, for the foregoing reasons,

IT IS ORDERED that plaintiff Darrel Thorn's motion to remand (R. Doc. 13) is DENIED.

IT IS FURTHER ORDERED that plaintiff Darrel Thorn's request for sanctions (R. Doc. 13-2 at 7) is DENIED because the notice of removal has merit.

New Orleans, Louisiana, this 5th day of November, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE