UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARREL THORN                                    CIVIL ACTION

VERSUS                                          NO. 20-2509

RACETRAC PETROLEUM, INC.                        SECTION M (5)


## ORDER & REASONS

Before the Court is a motion for summary judgment by defendant RaceTrac Petroleum, Inc. ("RaceTrac") seeking dismissal of plaintiff's slip and fall claims.[1]  The motion was set to be submitted to the Court on July 15, 2021.[2]  Local Rule 7.5 requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was July 7, 2021.  Plaintiff Darrel Thorn, proceeding *pro se*, has not filed an opposition. Although the Court construes *pro se* filing liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). Accordingly, because the motion for summary judgment is unopposed, and it appearing to the Court that the motion has merit,[3]

---

[1] R. Doc. 61.

[2] R. Doc. 61-7.

[3] Racetrac argues that Thorn cannot prove any of the three elements required under the Louisiana merchant liability statute.  La. R.S. 9:2800.6(B) provides that "[i]n a negligence claim brought against a merchant … because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following: (1) The condition presented an unreasonable risk of harm to the claimant and that risk was reasonably foreseeable. (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence. (3) The merchant failed to exercise reasonable care."  Assuming there was a puddle (which RaceTrac disputes), it was clearly marked for Thorn as to be an open and obvious condition.  The Louisiana supreme court has explained that "[i]f the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff."  *Caserta v. Wal-Mart Stores, Inc.*, 90 So. 3d 1042, 1043 (La. 2012).  As it was a rainy day, RaceTrac employees had placed wet-floor signs near the entrance and had mopped the area.  R. Doc. 61-1 at 8-10.  If the floor was slippery, it was an open and obvious condition that Thorn should have avoided.  As one Louisiana appellate court explained, "[t]o require a merchant to keep the entrance/exit areas completely dry during rainy weather, or to hold the merchant responsible for every slick place due to tracked in water

IT IS ORDERED that the motion for summary judgement of defendant RaceTrac Petroleum, Inc. (R. Doc. 61) is GRANTED, and plaintiff Darell Thorn's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 20th day of July, 2021.


_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

would, in effect, make him an insurer of his customer's safety.  Clearly this is not required under La. R.S. 9:2800.6." *Ferlicca v. Brookshire Grocery Co.*, 175 So. 3d 469, 473 (La. App. 2015) (citations omitted).  Therefore, RaceTrac exercised reasonable care in maintaining its floor during rainy weather, so Thorn has not met his burden of proof to establish a claim under the Louisiana merchant liability law, and summary judgment is appropriate.